UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |
|---|---|
| OTELS, INC., <br>     Plaintiff, <br><br> v. <br><br> GLOBAL TRAVEL MARKET LTD., <br>     Defendant. | Civil Action No. 1:13cv1385 |

## REPORT AND RECOMMENDATION

This matter comes before the Court on plaintiff's Motion for Default Judgment. (Dkt. 18.) After a representative for defendants failed to respond to plaintiff's Motion or to appear at the hearing before Judge Davis on July 31, 2015, the undersigned took plaintiff's Motion under advisement.[1]

### I.   INTRODUCTION

On November 8, 2013, plaintiff Otels, Inc. ("plaintiff" or "Otels") filed this action against defendant Global Travel Market, Ltd. ("defendant" or "Global Travel") claiming trademark infringement and unfair competition in violation of Sections 32

---

[1] The record before the Court includes the Complaint (Dkt. 1), the Amended Complaint ("Am. Compl.")(Dkt. 8), Plaintiff's Response to the Order to Show Cause (Dkt. 6), Plaintiff's Response to January 15, 2015 Order to Show Cause (Dkt. 13), Plaintiff's Motion for Default Judgment ("Mot. Default J")(Dkt. 18), Plaintiff Otels, Inc.'s Memorandum of Law in Support of Motion for Entry of Default Judgment and Permanent Injunction ("Mem. Supp. Mot. Default J.")(Dkt. 19), and all attachments and exhibits submitted with those filings.

1

and 43 of the Trademark Act of 1947 ("the Lanham Act"), 15 U.S.C. § 1114, § 1125(a) and Virginia common law. (Dkt. 1.) Plaintiff now seeks the entry of a permanent injunction against defendant requiring defendant to stop using the confusingly similar term "Olotels" and infringing domain name <WWW.OLOTELS.COM> and an Order transferring ownership of that domain name to plaintiff. (Am. Compl. 6; Mem. Supp. Mot. Default J. 13-14.)

## A. Jurisdiction and Venue

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." The court must have both subject matter and personal jurisdiction over a defaulting party before it can render default judgment.

This Court has subject matter jurisdiction over this case because plaintiff's trademark and unfair competition claims arise under federal law. See Lanham Act § 39(a), 15 U.S.C. §§ 1121(a), (d); 28 U.S.C. § 1331; 28 U.S.C. § 1338. This Court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because they form part of the same case or controversy and share a common nucleus of operative fact with her federal law claims. (Am. Compl. ¶ 8.) Therefore, federal question subject matter jurisdiction exists.

2

This Court has personal jurisdiction over defendant because Global Travel engages in business and derives revenue from services rendered in Virginia. (Am. Compl. ¶ 10.) Defendant's website markets and offers its services via the Internet, which citizens within this judicial district can use. Furthermore, defendant's website allows people to make reservations for hotels within this judicial district. (Mem. Supp. Mot. Default J. 6.) Therefore, they purposefully availed themselves of the privilege of conducting activities in the Commonwealth of Virginia and personal jurisdiction is proper.

Venue is proper in this district pursuant to 28 U.S.C. § 1391(c)(3) as defendant is not a resident of the United States and may therefore be sued in any judicial district.

### B. Service of Process

Global Travel is a Hong Kong limited company with no registered agent or physical presence in the United States. (Notice Regarding Status of Service of Process (Dkt. 4).) Otels effected service of process via the Hague Convention. Initially, the Hague Central Authority for Hong Kong rejected Otels' request for service on Global Travel because Otels' pleadings referred to "Hong Kong" instead of "Hong Kong, China." (Mem. Supp. Mot. Default J. 8.) Plaintiff filed an Amended Complaint to comply with this requirement, and the clerk issued an Alias Amended Complaint Summons. (Dkts. 8 and 10.) On

3

November 21, 2014, a Bailiff's Assistant of the High Court of Hong Kong served the Amended Complaint on a staff member of Leo Chan & Co. CPA at Room 1603 Tung Sun Commercial Center, Wanchai, Hong Kong, China. (Dkt. 12.) The staff member confirmed that the address was also the registered office of the defendant. Therefore, service was proper pursuant to the Hague Convention and Federal Rule of Civil Procedure 4(f)(1).

### C. Grounds for Entry of Default

Plaintiff filed this action on November 8, 2013. (Dkt. 1.) Plaintiff filed an Amended Complaint on August 27, 2014 (Dkt. 8) and served defendant on November 21, 2014. (Dkt. 12.) Defendant has not appeared, answered, or otherwise filed any responsive pleadings in this case. On June 10, 2015, the Clerk of this Court entered default pursuant to plaintiff's Request for Entry of Default and Federal Rule of Civil Procedure 55. (Dkt. 16.) In accordance with Judge Hilton's June 22, 2015 Order (Dkt. 17), plaintiff filed their Motion for Default Judgment and a Memorandum in Support of the Motion for Default Judgment on July 6, 2015. (Dkts. 18-19.) After defendant failed to appear at the hearing on plaintiff's Motion for Default Judgment on July 31, 2015 before Judge Davis, the undersigned took this matter under advisement. (Dkt. 21.)

## II. FINDINGS OF FACT

A defendant in default admits the factual allegations in

4

the complaint. Fed. R. Civ. P. 8(b)(6) ("An allegation--other than one relating to the amount of damages--is admitted if a responsive pleading is required and the allegation is not denied."); see also GlobalSantaFe Corp. v. Globalsantafe.com, 250 F.Supp.2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts alleged state a claim."). Upon a full review of the pleadings, the undersigned Magistrate Judge finds that plaintiff has established the following facts.

Plaintiff Otels is a Virginia corporation with a principal place of business in Arlington, Virginia. (Am. Compl. 2; Mem. Supp. Mot. Default J. ¶ 6.) Plaintiff owns U.S. Trademark Registration No. 2,842,433 for the mark OTELS for use with "directory services, namely, providing information on transportation for others" and "travel agency services, namely, making reservations and bookings for temporary lodging for others; providing information on temporary lodging for others." (Am. Compl. ¶ 11, Ex. A.) Otels has used the OTELS mark since at least 2003 in connection with its travel agency and short term lodging reservation services, exclusively through its website at <WWW.OTELS.COM>. (Id. at ¶ 12.) Otels has become recognized by customers as the source of quality travel-related services sold under the OTELS mark. (Id. at ¶ 13; Mem. Supp. Mot. Default J. 2.)

5

Defendant Global Travel Market, Ltd. is a Hong Kong, China, limited company. (Am. Compl. ¶ 7.) Global Travel has adopted and is using the mark OLOTELS and the domain name <WWW.OLOTELS.COM> to promote its hotel reservation services. (Id. at ¶ 14.) Additional, defendant uses a logo containing the OLOTELS mark which, because of its color scheme, emphasizes the "Otels" portion of the mark. (Id.; Mem. Supp. Mot. Default J. 2.)

On November 8, 2013, plaintiff's counsel sent a cease and desist letter to defendant via email and mail to defendant's Hong Kong office. (Mem. Supp. Mot. Default J. 3; Dkt. 13-3.) Defendant's Swiss counsel responded by email on November 15, 2013, claiming to be the trademark agent of defendant, and stating it would respond once it had consulted with retained United States Counsel. (Dkt. 13-4; Mem. Supp. Mot. Default J. 3.) However, counsel for defendants did not respond, even after multiple follow-up emails sent by plaintiff's counsel. (Mem. Supp. Mot. Default J. 3-4.) Since the initiation of this litigation, defendant has removed the content from the website at <www.olotels.com> but still owns the domain name. Additionally, the site still advertises "hotels so cheap!" and there is nothing to prevent defendant from reactivating the site. (Mem. Supp. Mot. Default J. 5.)

## III. EVALUATION OF PLAINTIFFS' COMPLAINT

Where a defendant has defaulted, the facts set forth in the plaintiff's complaint are deemed admitted. Before entering default judgment, however, the Court must evaluate the plaintiff's complaint to ensure that the complaint properly states a claim. GlobalSantaFe Corp. v. Globalsantafe.com, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003). As such, it is appropriate to evaluate plaintiff's claim against the standards of Fed. R. Civ. P. 12(b)(6).

Plaintiff alleges that defendant engaged in trademark infringement in violation of 15 U.S.C. § 1114, unfair competition in violation of 15 U.S.C. § 1125(a), and common law unfair competition. Here, the undersigned finds that plaintiff has established all three causes of action.

Federal law provides for civil liability where a person infringes a registered trademark by using it in commerce or reproducing or counterfeiting it in a way that it is likely to cause confusion, mistake, or deception. See 15 U.S.C. § 1114(1)-(2). To establish a claim of trademark infringement, plaintiff must show

(1) that it owns a valid mark; (2) that the defendant used the mark in commerce and without plaintiff's authorization; (3) that the defendant used the mark (or an imitation of it) in connection with the sale, offering for sale, distribution, or advertising of goods or services; and (4) that the defendant's use of the mark is likely to confuse consumers.

Rosetta Stone Ltd. v. Google, Inc., 676 F.3d 144, 152 (4th Cir. 2012) (internal quotations and citations omitted). The same standard can be used for trademark infringement, unfair competition (Count 2), as well as common law trademark infringement and unfair competition (Count 3), as "all address the likelihood of confusion as to the source of the goods or services involved." Lone Star Steakhouse & Saloon, Inc., v. Alpha of Virginia, Inc., 43 F.3d 922, 930 n.10 (4th Cir. 1995).

First, the undersigned finds that plaintiff used and continued to use the OTELS mark in the United States in connection with its travel agency services. The OTELS mark was registered by plaintiff with the Patent and Trademark Office and has been in use by plaintiff since 2003.

Second, the undersigned finds that defendant used a confusingly similar mark, OLOTELS, in commerce and in connection with the sale and advertising of its services. Defendant operated a website, <WWW.OLOTELS.COM>, which offered travel agency services, including making reservations and bookings for transportation and temporary lodging. Defendant used the olotels.com domain name and the OLOTELS mark to advertise and

8

sell its services, and without any authorization from plaintiff to use this mark similar to plaintiff's mark.

Finally, the undersigned finds that plaintiff's Complaints pleads facts showing that the infringing domain name, olotels.com, and associated Olotels mark, are confusingly similar to the Otels Mark and that their use is likely to result in damage to the plaintiff. The Fourth Circuit has advised that nine factors "generally are relevant to the 'likelihood of confusion' inquiry" including:

> (2) the strength or distinctiveness of the plaintiff's mark as actually used in the marketplace; (2) the similarity of the two marks to consumers; (3) the similarity of the goods or services that the marks identify; (4) the similarity of the facilities used by the markholders; (5) the similarity of advertising used by the markholders; (6) the defendant's intent; (7) actual confusion; (8) the quality of the defendant's product; and (9) the sophistication of the consuming public.

Rosetta Stone Ltd. v. Google, Inc., 676 F.3d 144, 153 (4th Cir. 2012)(citing George & Co., LLC v. Imagination Entm't Ltd., 575 F.3d 383, 393 (4th Cir. 2009)). This list of factors "is not intended to be exhaustive or mandatory. Rosetta Stone, 676 F.3d at 154. Here, the two marks are incredibly similar; defendant's mark has the addition of only an "OL" in the middle of plaintiff's mark. Indeed, defendant's mark OLOTELS on its website emphasizes the "Otels" portion of the logo. Plaintiff and defendant provide the same services, travel booking for

9

lodging and transportation. The domain names are incredibly similar; the addition of only two letters to plaintiff's name could easily mislead consumers into believing defendant's website is the same website or company. Therefore, defendant's use of the OLOTELS mark and domain name are likely to create consumer confusion and therefore infringes on plaintiff's OTELS mark.

## IV. REQUESTED RELIEF

At this time, plaintiff seeks the entry of a permanent injunction requiring defendant from further infringing plaintiff's rights in the OTELS mark in any manner, "including but not limited to: prohibiting Global Travel from advertising, marketing, offering for sale, selling or otherwise providing services under the infringing mark OLOTELS, the domain name olotels.com, or marks or domain names confusingly similar thereto"; an Order requiring the domain name <www.olotels.com> to be transferred to plaintiff; and attorney's fees and costs. Mem. Supp. Mot. Default J. 11, 14.

The Court may award injunctive relief to prevent further violations of trademark rights under 15 U.S.C. §§ 1116, 11125. To obtain a permanent injunction in the Fourth Circuit, a plaintiff must show (1) that [he] has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that,

10

considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. Christopher Phelps & Assocs., LLC v. Galloway, 492 F.3d 532, 543 (4th Cir. 2007).

Here, all four elements are satisfied. First, plaintiff suffered and continues to suffer irreparable injury as defendant continues to infringe on its trademarks and create a likelihood of confusion. Plaintiff has developed goodwill in the OTELS mark and has maintained a positive reputation for providing travel services online. Plaintiff suffers as a result of defendant's use of the infringing OLOTELS mark as OLOTELS has received online consumer complaints which could be mistakenly attributed to Otels. Moreover, the Fourth Circuit has held that "a finding of irreparable injury ordinarily follows when a likelihood of confusion or possible risk to reputation appears." Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc., 43 F.3d 922, 938 (4th Cir. 1995)(quoting Wynn Oil Co. v. American Way Service Corp., 943 F.2d 595, 608 (6th Cir. 1991)). Second, monetary damages are inadequate to compensate plaintiff. Despite cease and desist letters and correspondence from plaintiff's counsel, defendant continues to use a similar mark in the same industry. The lack of appropriate response from defendant shows a threat of continued infringement, and also

suggests that defendant will not cooperate in any future suits for monetary damages. Third, the only hardship suffered by defendant if an injunction is entered is an obligation to follow trademark law. Finally, the public interest favors an injunction. An injunction would prevent the public from being misled by false advertising by defendant and instead maintain the integrity of the OTELS mark. Therefore, the undersigned finds that an injunction is the best means to prevent the defendant from future infringement.

Under 15 U.S.C. § 1117(a), the Court may "in exceptional cases" award attorney fees to the prevailing party. This includes cases where "the defendant's conduct was malicious, fraudulent, willful or deliberate in nature." Retail Services, Inc. v. Freebies Publ'g, 364 F.3d 535, 550 (4th Cir. 2004); see also Scotch Whiskey Ass'n v. Majestic Distilling Co., Inc., 958 F.2d 594, 599 (4th Cir. 1991)(requiring a prevailing plaintiff requesting attorney fees to "show the defendant acted in bad faith."). Here, plaintiff has demonstrated defendant's bad faith through its attempts to evade service of process, its unwillingness to engage U.S. counsel, and it's "parking" of the Olotels website for later use once this litigation is concluded. There is significant evidence in this case that defendants' conduct was willful and intentional and therefore, this constitutes an exceptional case where attorney's fees may be

awarded. However, as plaintiff does not now move for a specific amount of attorneys' fees, the Court will withhold judgment based on this relief. Plaintiff may later move for a monetary award based on those claims if so desired.

## V. RECOMMENDATION

For the reasons outlined above, the undersigned recommends that default judgment be entered against defendant Global Travel for its violations of 15 U.S.C. § 1114, 15 U.S.C. § 1125(a), and Virginia common law. Because legal relief is inadequate, the Court should enter an order against the defendant which would enjoin Global Travel form further use of a mark or domain name confusingly similar to the OTELS mark, and transfer the domain name <WWW.OLOTELS.COM> to plaintiff.

## VI. <u>NOTICE</u>

The parties are advised that exceptions to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service. Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record. The Clerk is further directed to send a copy of this Report and Recommendation to the defendants at the following address:

Global Travel Market, Ltd.
Room 1603, Tong Sun Commercial Center
Wanchai, Hong Kong

/s/
Theresa Carroll Buchanan
United States Magistrate Judge

THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

August 17, 2015
Alexandria, Virginia